Curia, per
Nott, J.
The first question submitted to our consideration in this case is, whether the court of equity had any jurisdiction of the matter. Under the former organization of the judiciary, it was thought that the access to the court of equity was quite too easy. The complaint was, that that court ivas extending its jurisdiction to every description of cases. But I think it is obvious, that the current is now setting the other way. And it is equally necessary that both should be resisted. It is of great importance that the jurisdiction of the two courts should be well defined and preserved. Whether in ordinary cases, where there is no legal impediment to proceeding at law, joint tenants and tenants in common ought to be allowed to go into the court of equity for partition, is at least questionable. The act of 1749, P. L. 218, expressly directs that they shall apply to the court of common pleas. If there should be any obstacle to proceeding at law, such as a want of title deeds, or any other impediment, the court ol equity will lend its aid upon such difficulty being suggested. If an adverse, title should be interposed, an issue at laws may be directed, and the bill retained until that question shall be tried. In the present case, if the complainant has any right, itis under the act of 1791, which authorizes the party to apply either to the court of equity or common pleas; so that I think the court had jurisdiction of the matter. But I do not
*408 see the necessity of proceeding by bill. The act authorizes the application to be made by petition, which is a more simple and a cheaper method.
But the complainant has a more formidable objection to encounter than the jurisdiction of the court. The object of the act of 1701 is to declare the manner in *which lands of persons dying intestate shall descend and be distributed. But it does not vest any immediate right. The right must necessarily be only inchoate and contingent. If the ancestor be in debt at the time of his death beyond the amount of the personal estate, the lands are assets for the payment of the debts. If it cannot be divided without manifest injury to the parties, or some of them, it may be sold, and the proceeds of the sale divided. Or it may be assigned to one or more who are required to pay the distributive share of the others in money. So that no one can be said to have a distinct and vested right in the land itself until distribution is made. And he then may not be entitled to any part of the land, but to a distributive share of the proceeds of the sale. But let us suppose the interest to be such as to be subject to an execution. The execution creditor could only come in under the distributee whose interest he claimed. He could not disturb the order of distribution. He could not prevent the sale or assignment of the land, according to the provisions of the act. All that he could claim would be a distributive share of the money. And he cannot now be in a better situation than a distributee, whose rights have been already adjudged and determined. This is a case in which the maxim that “Us pendens is a notice to all the world,” applies with all its force. The land nowin question was the subject matter of the suit for partition, and those proceedings must be conclusive upon all who were either parties or privies to it. They may not affect a person holding under a distinct, unconnected paramount title, but must conclude all persons claiming ¡n the same right. Public expediency, the quiet and peace of families, the final settlement and adjustment of estates, require that it should be so. How are the scattered members of a numerous family to ascertain, whether there are not some dormant claims against some one or more of their co-distributees?* And must they wait an indefinite period of time to see if some slumbering creditor may not wake up to disturb their repose? Such a principle cannot be maintained. The land never vested in Robert Rabb, under whom the complainant holds. It remained in the nature of a chose in action until distribution made, and then it passed by operation of law to the defendants.
Whether the complainants by a timely application could have arrested the money in the hands of the defendants before it was paid over, may perhaps be a question worthy of consideration. But he has no claim upon the land. The order for partition must therefore be reversed, and the bill dismissed with costs.

Bill dismissed.